UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AMAH MBACHAM INNOCENT,
Petitioner,
v.
WARDEN OF THE IMPERIAL REGIONAL DETENTION FACILITY, et al.,
Respondents.

Case No.: 26-cv-5607-RSH-BJW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On September 30, 2026, petitioner Amah Mbacham Innocent filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") and a motion for a temporary restraining order. ECF Nos. 1, 2. Respondents filed a return, ECF No. 5.

In an earlier habeas action brought by Petitioner, Case No. 26-cv-2700, this Court granted the petition on July 10, 2026, and ordered a bond hearing as requested by Petitioner. *See* Dkt. No. 11. On July 21, 2026, an immigration judge denied bond to Petitioner based on risk of flight. *See* ECF No. 5-1 at 4.[1] Petitioner's appeal of that decision is pending

[1] All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.

before the Board of Immigration Appeals ("BIA"). *See id.* at 7-8. On August 24, 2026, Petitioner brought a second petition, Case No. 26-cv-4815, which this Court denied. Dkt. No. 8.

## I. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## II. DISCUSSION

In the instant Petition, Petitioner contends he "does not use this action as a substitute for reconsideration" of this Court's prior rulings. ECF No. 1 at 3. Petitioner also asserts that he is not requesting that the Court review the immigration judge's bond determination. *Id.* at 2. Petitioner frames the Petition as presenting the narrow question: "[W]hether Petitioner's continued physical confinement has become unconstitutionally prolonged and increasingly indeterminate as applied to his present circumstances under the Fifth Amendment[.]" *Id.*

A habeas petition is subject to dismissal when it is repetitive or duplicative. *See, e.g.*, *Salas v. Att'y Gen.*, No. 2:23-cv-1118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). Notwithstanding Petitioner's representations, his claims that he is entitled to release on due process grounds are repetitive to the claims brought in his second petition. *Compare* ECF No. 1 at 22-26, *with* Case No. 26-cv-4815, Dkt. No. 1 at 17-22.

On July 21, 2026, Petitioner received a bond hearing. *See* ECF No. 5-1 at 4. "Petitioner's due process claim challenging his prolonged detention . . . fails because petitioner received a bond hearing before an immigration judge." *Campbell v. Warden, California City Det. Facility*, No. 1:26-CV-04505-DAD-CSK, 2026 WL 2149763, at *3 (E.D. Cal. July 27, 2026); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022) ("[D]uration alone cannot sustain a due process challenge by a detainee who has

been afforded the process contemplated by § 1226(a) and its implementing regulations.") (quotation omitted).

Petitioner again asks that the Court consider his lack of criminal history, sponsor and family support, dependent child, and medical condition to determine that his continued detention is unwarranted. ECF No. 1 at 8-13, 33-34. Petitioner challenges the substance of the immigration judge's adverse bond determination. The Court again declines to consider this challenge before the BIA has had an opportunity to address it. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision.").

## III. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. ECF No. 1. In light of this disposition, the Court **DENIES** as moot Plaintiff's application for a temporary restraining order. ECF No. 2. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Hon. Robert S. Huie
United States District Judge