UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AMAH MBACHAM INNOCENT,
Petitioner,
v.
WARDEN, Imperial Regional Adult Detention Facility, et al.,
Respondents.

Case No.: 26-cv-5607-RSH-BJW

**ORDER DENYING MOTION TO ALTER JUDGMENT**

[ECF No. 8]

Before the Court is Petitioner's motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 8. For the reasons set forth below, the Court denies the motion.

On September 30, 2026, petitioner Amah Mbacham Innocent, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") and a motion for a temporary restraining order. ECF Nos. 1, 2. On October 14, 2026, the Court denied the Petition, concluding that Petitioner's claims were repetitive of a prior petition and that any challenge to the immigration judge's bond determination remained unexhausted. ECF No. 6 at 2-3. Judgment was entered on the same day. ECF No. 7. On October 27, 2026, Plaintiff filed the instant motion to alter the judgment. ECF No. 8.

"Federal Rule of Civil Procedure 59(e) provides that a party may file a 'motion to

alter or amend a judgment' within '28 days after the entry of the judgment.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting Fed. R. Civ. P. 59(e)). "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

Petitioner has not met the high threshold for altering or amending the judgment. Petitioner's motion reiterates arguments asserted in the Petition and his prior motion to alter judgment. *See* ECF No. 1 at 17-19; *Innocent v. Warden, et al.*, Case No. 26-cv-4815-RSH-BJW, ECF No. 11 (September 14, 2026). Petitioner argues that he is not challenging the immigration judge's adverse bond determination and exhaustion requirements should be excused. *See* ECF No. 8 at 1-4, 6-13. Petitioner's disagreement with the Court's analysis of the Petition does not, without more, establish clear error. *See Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301-02 (S.D. Cal. 2014) ("A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision."); *Norris v. Youngblood*, No. 1:21-CV-0904 JLT HBK, 2023 WL 4565062, at *2 (E.D. Cal. July 17, 2023) ("[M]ere disagreement with a Court's ruling is insufficient to warrant reconsideration.").

The Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: November 2, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge